## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## BEAUMONT DIVISION

| | | |
|---|---|---|
| **TRAVIS ALLEN, AND WIFE, BESSIE ALLEN,** | § | |
| | § | |
| | § | |
| **PLAINTIFFS,** | § | |
| | § | **CASE NO.  4:19-cv-3317** |
| **VS.** | § | |
| | § | |
| **TEXAS FARMES INSURANCE COMPANY, TERRY LEE RAY, AND TERRY RAY INSURANCE,** | § | |
| | § | |
| | § | |
| | § | |
| **DEFENDANTS.** | § | |

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, Texas Farmers Insurance Company (hereinafter "Texas Farmers" or "Defendant"). Texas Farmers is a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968 ("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the United States,"[3] at the expense of the United States[4] and hereby removing the state court action entitled "*Travis Allen, et al. v .Texas Farmers Insurance Company, et al.*," bearing Case Number B190305-C pending in the 163rd Judicial District Court of Orange County, Texas, to the United States District Court for the Eastern District of Texas, Beaumont Division.  An index of all documents being filed contemporaneously with this Notice of Removal pursuant to Local Rule

---

[1] *See* 42 U.S.C. § 4001 *et seq.*
[2] 44 C.F.R. § 62.23(f).
[3] 42 U.S.C. § 4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).
[4] *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d. 397, 399-400, 402 (5th Cir. 2012).

CV-81 is attached as Exhibit A.  In support of removal and jurisdiction in this Honorable Court,

Texas Farmers respectfully represents as follows:

### A.   REVIEW OF PLAINTIFFS' COMPLAINT

In their Petition, Plaintiffs allege the following:

- Plaintiffs name Texas Farmers as a Defendant.  (Ex. B, ¶ II(2)).

- Plaintiffs assert a claim against Texas Farmers to recover the "…costs of repairs of Plaintiffs' residence caused by Hurricane Harvey."  (*Id*., ¶ V(1)).

- Plaintiffs assert that "Defendants changed the amount of flood coverage" with regard to the insurance policy placed at issue by Plaintiffs.  (*Id.*).

- Plaintiffs assert that Hurricane Harvey damaged Plaintiffs' insured residence, that Plaintiffs made a claim for the asserted damages and that Farmers has "failed to indemnify and compensate Plaintiffs for their costs of repair."  (*Id.*).

- Plaintiffs demand "all costs of repair and damages to their residence caused by Hurricane Harvey."  (*Id.*).

- Plaintiffs assert that Texas Farmers modified coverage of an existing policy.  (*Id.*, ¶ VI(2)).

- Plaintiffs assert that Texas Farmers misrepresented the terms of Plaintiffs policy.  (*Id.*, ¶ VII(5)).

- Plaintiffs assert that "Defendants changed the amount of flood coverage" with regard to the insurance policy placed at issue by Plaintiffs.  (*Id.*, ¶ V(1)).

- At paragraphs X and XI of Plaintiffs' Petition, Plaintiffs allege a legal relationship between Texas Farmers and the co-Defendant.  (*Id.*, ¶¶ X, XI).

- Plaintiffs demand "necessary costs of repair caused by Hurricane Harvey . . . ."  (*Id.*, ¶ XII).

- Plaintiffs demand damages under the flood policy Plaintiffs have expressly put at issue in their lawsuit.  (*Id.*, Prayer).

There is no question that Plaintiffs sued Texas Farmers as a result of the denial of their NFIP SFIP flood claim for "flood" damages to Plaintiffs' residence caused by Hurricane Harvey.

## B.   THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE

Congress underwrites all operations of the NFIP through the U.S. Treasury, which includes appropriations for both the adjustment of claims and the payment of those claims.  Similarly, Congress has conferred rule-making power upon the agency created for carrying out its policy, specifically the Federal Emergency Management Agency ("FEMA").   42 U.S.C. §4011(a). Further, the FEMA Administrator is charged with providing by federal regulation for the "general terms and conditions of insurability" applicable to all flood insurance policies issued under authority of the NFIP.

Texas Farmers, as a WYO Program carrier, is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the *Arrangement* between itself and FEMA, set forth at https://www.fema.gov/media-library/assets/documents/17972.  *See* 44 C.F.R. § 62.23 ("WYO Companies authorized").

Texas Farmers cannot waive, alter or amend any of the provisions of the SFIP.  *See* 44 C.F.R.  § 61.13(d); 44 C.F.R. Pt. 61, App. A(1), Art. VII(D).

Further, Texas Farmers has no authority itself to tailor or alter NFIP policies backed by the government.  44 C.F.R. § 62.23.

Texas Farmers' role, as a WYO Program carrier and as set forth in the *Arrangement*, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of

the federal government.  It is clear that Texas Farmers, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States.  44 C.F.R. § 62.23(f); 42 U.S.C. § 4071(a)(1).

All flood claim payments made by a WYO Program carrier, such as Texas Farmers, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by the *Arrangement*, Art. III (D)(1) (2) & (3).  The Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'"  *Gowland*, 143 F.3d at 955 (citing *In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir. 1987)).  The Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket regardless of how they are paid."  *Newton v. Capital Assur. Co., Inc*., 245 F.3d 1306, 1311 (11th Cir. 2001).

Effective October 1, 2004, there was a revised *Arrangement* between FEMA and all WYO Program carriers, including Texas Farmers.  In that revised *Arrangement*, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised *Arrangement*, and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating

companies' activities when selling or administering the Standard Flood Insurance Policies; and

Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question;

*Arrangement*, Article I.

The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law:

Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

*See West v. Harris*, 573 F.2d 873, 881 (5th Cir. 1978).

C.   FEDERAL JURISDICTION

(1).   42 U.S.C. § 4072 – Original Exclusive Jurisdiction

42 U.S.C. § 4072 conveys "original exclusive" jurisdiction over claims involving administration of and claims handling matters under the SFIP.

Plaintiffs are aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly Texas Farmers is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiffs were fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiffs are charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947). As Plaintiffs are demanding

additional recovery against Texas Farmers for alleged damages resulting from Hurricane Harvey flooding, jurisdiction in this Court is "exclusive" per 42 U.S.C. § 4072.

### (2).     28 U.S.C. § 1331 - Federal Question Jurisdiction

The SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA.  As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, *et seq.*), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX.  Because the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C. § 1331.

In order to determine what, if any, U.S. Treasury benefits Plaintiffs may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP.  Regardless of the source of funding for Plaintiffs' alleged actual damages, the Court will have to interpret the SFIP itself to determine whether the damages alleged fall within coverage of the SFIP – a federal regulation.  Federal common law governs the interpretation of the SFIP, and "if the language of a policy is clear and unambiguous, it should be accorded its natural meaning." *Hanover Building Materials v. Guiffrida*, 748 F.2d 1011, 1013 (5th Cir. 1984).  As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder, and any amounts due under the SFIP, would require the interpretation of a federal law which presents a federal question.

The determination as to whether Texas Farmers failed to pay Plaintiffs what is owed under the flood insurance policy, whether Texas Farmers failed to properly adjust Plaintiffs' flood insurance claim, and whether Texas Farmers properly administered Plaintiffs' existing SFIP are federal questions, because Plaintiffs' SFIP is itself a federal regulation.  Further, any interpretation of the rules and regulations of the NFIP will require the Court to determine whether Texas Farmers, as a WYO Program carrier, followed the federal requirements under the NFIA and require the Court to review and interpret the applicable rules and regulations governing the WYO Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA which will involve several substantial federal questions.

Thus, there is federal question jurisdiction under 28 U.S.C. § 1331, and the case is therefore also removable pursuant to 28 U.S.C. § 1441(a), (b) and (c).

Plaintiffs' Petition clearly asserts that there was a valid enforceable NFIP flood insurance contract between Texas Farmers and Plaintiffs. (*See, e.g.,* Ex. B, ¶ V).  Clearly, Plaintiffs made a claim for flood damages and are seeking the enforcement of the NFIP SFIP contract, *i.e.*, breach of contract as Plaintiffs expressly assert that Texas Farmers "failed to indemnify and compensate Plaintiffs for their costs of repair."  (*Id.*).  As such, the payment that the Plaintiffs seek from Texas Farmers would be a "direct charge on the public treasury," and would be "binding" upon the federal government.  *Gowland*, 143 F.3d at 955; 44 C.F.R. Pt. 62, App. A, Art. II(F).

Pursuant to 28 U.S.C. § 1331, and by operation of 28 U.S.C. §1441(a) and (c), Texas Farmers asserts that there are multiple federal questions presented within the Plaintiffs' Petition thereby making the action removable pursuant to 28 U.S.C. § 1331.

### 3.      Federal Funds Are At Stake

Plaintiffs' Original Petition alleges that Texas Farmers is liable for denying coverage and denying indemnification under the policy for Plaintiffs' alleged damages.

Texas Farmers is appearing in this litigation in its capacity as a WYO flood insurance carrier pursuant to the *Arrangement* between itself and FEMA as the flood policy was issues by Texas Farmers in such capacity in accord with the NFIP.  The question of whether Texas Farmers or the Government would pay any resulting judgment, whether under state or federal law, is determined by the text of the *Arrangement* between Texas Farmers and the Government.  That *Arrangement* is found at https://www.fema.gov/media-library/assets/documents/17972.

FEMA promulgated the *Arrangement* based upon its congressionally authorized responsibilities. Article I of the *Arrangement*, states the following:

Article I – Findings, Purpose, and Authority

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing Federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies= activities when selling or administering the Standard Flood Insurance Policies; and

> Whereas, any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question.

These two paragraphs expressly explain two things: First, FEMA is communicating that "federal funds" are indeed utilized to both "sell and administer" NFIP policies by the WYO Program carriers; second, all litigation arising from these operations, in FEMA's view, states a federal question.

8

Now turning to Article III(D) of the *Arrangement*, it is clear that <u>all</u> loss payments under policies are to be paid for under the *Arrangement*.  While Article III(D)(1) concerns loss payments under policies, Article III(D)(2) separately governs "payments as a result of litigation that arises under the scope of this *Arrangement*."  Obviously, in an operation this complex, there will be litigation arising from the innumerable activities regarding policy issuance and policy administration. Just as obviously, policy issuance and administration activities come within the scope of the *Arrangement*, for in Article II they are <u>expressly made part of the scope of the Arrangement</u>.  Article III(D)(2) confirms expressly that judgments emanating from lawsuits (such as the one at bar) will be paid for by the Government under the *Arrangement*.

In addition, the U.S. Fifth Circuit has recognized that extra-contractual claims against a WYO would be paid by FEMA stating: "As the regulations do not define the type of conduct that falls significantly outside the scope of the arrangement, the ultimate decision whether Allstate will be reimbursed rests with FEMA."  *Wright v. Allstate Ins. Co.*, 500 F.3d 390, 394 n.9 (5th Cir. 2007).

Plaintiffs have not alleged and cannot decide for themselves that Texas Farmers' actions are significantly outside the scope of the *Arrangement*, thus, the logical conclusion is that federal funds are at risk.  More fundamentally, there is no indication or allegation that the FEMA OGC has determined that Texas Farmers' actions in this matter are outside the scope of the *Arrangement* such that Texas Farmers would bear the burden of a damage award in this case.  Thus, clearly, federal funds *are* at risk, Plaintiffs' claims raise a federal question, and therefore removal of this matter to the United States District Court for the Eastern District of Texas is proper.

####        4.        **Legal Presumption Under** *Grissom* **that Federal Funds at Stake**

Defendant, Texas Farmers, respectfully apprises this Honorable Court of a decision of the

Fifth Circuit announced April 23, 2012, in *Grissom v. Liberty Mut. Fire Ins. Co.*, 678 F.3d. 397

(5th Cir. 2012).   Under *Grissom*, it is now established and binding Fifth Circuit precedent and

legally presumed that the claims in this case are being litigated at the full expense and exposure of

the United States Treasury.

### E.      FEDERAL JURISDICTION ALSO EXISTS BECAUSE THE PETITION BRINGS INTO PLAY AN ACT OF CONGRESS REGULATING COMMERCE.

Removal of this case is also proper under 28 U.S.C. §1337, which provides that the district

court shall have original jurisdiction of any civil action or proceeding arising under any act of

Congress regulating commerce.   Just like § 1442, § 1337 is not subject to the well-pleaded-

complaint rule.   Under § 1337, removal is proper where the facts alleged in Plaintiffs' petition

bring into play an act of Congress that regulates commerce, regardless of whether any reference

to the said act appears in the Plaintiffs' pleading.   *Uncle Ben's Int'l Div. of Uncle Ben's Inc. v.*

*Hapag-Lloyd Aktiengesellschaft,* 855 F.2d 215, 216-17 (5th Cir. 1988); *Crispin Co., v. Lykes Bros.*

*Steamship Co.*, 134 F.Supp.704, 706 (S.D. Tex. 1955); *Puerto Rico v. Sea-Land Service Inc.*, 349

F.Supp.964, 973-74 (D.P.R. 1970).

Clearly, under the National Flood Insurance Act, 42 U.S.C. § 4001, *et seq.*, Congress is

regulating commerce by promulgating the complex and comprehensive statutory scheme that is

commonly described as the National Flood Insurance Act:

> The insurance industry in the United States operates in interstate commerce. States
> may regulate the insurance industry only to the extent Congress permits. U.S.
> Const. art. I, §8, cl. 3. The McCarren-Ferguson Act, 15 U.S.C. § 1011, *et seq.*,

grants states this power except where Congress enacts legislation that 'specifically relates to the business of insurance.' 15 U.S.C. § 1012 (b).  In *Barnett Bank of Marion County v. Nelson*, 517 U.S. 25, 116 S.Ct 1103, 134 L.Ed.2d 237 (1996), the Supreme Court held that the exception for acts relating to the business of insurance should be construed broadly, noting that '[t]he word 'relates' is highly general.' *Id.* at 38, 116 S.Ct. 1103.   Without doubt the NFIA is congressionally-enacted legislation relating to the business of insurance.

*C.E.R. 1988, Inc. v. Aetna Cas. & Surety Co.*, 386 F.3d 263, 267 n.3 (3rd Cir. 2004)

Beyond the general proposition that the National Flood Insurance Act regulates commerce, it is also clear that in a more particularized sense, the Act expressly regulates both the subjects of claims and claims handling, as well as Athe conditions of insurability.@ See, e.g., 42 U.S.C. §§4013 and 4019. Plainly, federal laws affecting commerce are involved in the facts put at issue in the Plaintiffs' Petition, and so removal of that Petition is proper pursuant to 28 U.S.C. §1337.

## F.      SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS

To the extent any of Plaintiffs claims are not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. § 1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. §1367; *see also Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 557 (2005).

All of the claims put at issue in Plaintiffs' Petition arise from the damages that they allegedly sustained as a result of their efforts to recover flood benefits for the damages at issue under the flood policy at issue as a result of a loss from Hurricane Harvey.  As such, all of the Plaintiffs' legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom.  Traditionally, federal courts

have exercised supplemental jurisdiction over all such claims in cases of this type.  *See, e.g.*, *Jamal v. Travelers Lloyds of Texas Ins. Co.*, 97 F.Supp.2d 800, 805 (S.D. Tex. 2000).

      **G.**      **PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET.**

This case was filed on August 9, 2019, a copy of which is attached hereto as part of Exhibit B, and  Texas Farmers removed this case on September 3, 2019.

Co-Defendants Terry Ray and Terry Ray Insurance consent to this removal.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit B is a copy of all processes, pleadings, and orders served on Texas Farmers to date.

A certified copy of all documents on file with the state court is attached as Exhibit C.

**CONCLUSION**

WHEREFORE, Defendant, Texas Farmers Insurance Company, prays that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted onto this Court's docket.

Dated: September 3, 2019                    Respectfully submitted,

                                            **BAKER & HOSTETLER, LLP**

                                            By: _/s/ Bradley K. Jones_____
                                                 Douglas D. D'Arche
                                                 State Bar No. 00793582
                                                 Bradley K. Jones
                                                 State Bar No. 24060041
                                                 Ryan A. Walton
                                                 State Bar No. 24105086
                                                 811 Main St., Suite 1100
                                                 Houston, Texas 77002
                                                 Telephone: (713) 751-1600
                                                 Facsimile: (713) 751-1717
                                                 Email: ddarche@bakerlaw.com;
                                                 bkjones@bakerlaw.com;
                                                 rwalton@bakerlaw.com

                                            AND

                                            **NEILSEN & TREAS, LLC**
                                            Joseph J. Aguda, Jr.
                                            LA Bar #27762
                                            3838 N. Causeway Blvd., Suite 2850
                                            Metairie, LA 70002
                                            P: 504-837-2500
                                            F: 504-832-9165
                                            Email: jaguda@nt-lawfirm.com

                                            **COUNSEL FOR DEFENDANT, TEXAS
                                            FARMERS INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 3rd day of September 2019, a copy of the foregoing was served upon all counsel of record in a manner authorized by the Federal Rules of Civil Procedure, via certified mail, return receipt requested.

                                            _/s/ Bradley K. Jones_____
                                            Bradley K. Jones